UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK BOWERS and
GERALD RENAUD,

    Plaintiffs,

vs.

LIVINGSTON COUNTY JAIL and
SHERIFF BOB BEZOTTE,

    Defendants.
_____/

Civil Action No.
08-CV-14134

HON. BERNARD A. FRIEDMAN

**OPINION AND ORDER DENYING**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

    This matter is presently before the court on defendants' motion for summary judgment [docket entry 26]. Plaintiffs have filed a response in opposition. Pursuant to E.D. Mich. LR7.1(e)(2), the court shall decide this motion without oral argument.

    Plaintiffs in these consolidated actions (08-14143 and 08-14134) are former inmates of the Livingston County Jail. They allege that while housed at the jail in 2007 they were infected by a contagious disease, Methicillin-resistant Staphylococcus aureus ("MRSA"). Plaintiffs claim that defendants violated their Eighth and Fourteenth Amendment rights by failing to prevent the spread of this disease at the jail and by failing to provide plaintiffs with proper medical attention.

    Defendants argue they are entitled to summary judgment because plaintiffs failed to exhaust their administrative remedies prior to filing suit, as required by 42 U.S.C. § 1997e(a).[1]

---

[1] Section 1997e states:

    (a)   No action shall be brought with respect to prison conditions

Defendants contend the jail "has a grievance policy in place that requires inmates to voice their grievances, concerns and/or requests via an Inmate Communicate [sic] Kite." Aff. of Jail Administrator Thomas Cremonte (Defs.' Ex. 3) ¶ 3. These kites "allow an inmate [to] communicate with jail officials regarding any issues that may arise during the course of their incarceration." *Id.* ¶ 6. This "is the formal grievance procedure in place at the Livingston County Jail." *Id.* ¶ 8. Defendants indicate plaintiffs never submitted a kite about the issues raised in the instant lawsuit and urge the court to grant them summary judgment on this basis. Plaintiffs' primary argument in response is that they need to conduct some discovery "to see exactly what the policies and procedures are or were in effect at the time the plaintiffs were in jail . . . ." Pls.' Resp. at 2.

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Further, "a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process . . . [and] exhaustion . . . is required for any suit challenging prison conditions, not just for suits under § 1983." *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citations omitted).

In the present case, the court is unable to determine whether plaintiffs complied with the rules governing the jail's grievance policy because defendants have not attached a copy of the policy to their motion. Plaintiffs indicate they have not seen the policy, but that they recently requested it through discovery. Plaintiffs are entitled to review the policy before being called upon to respond to the argument that their lawsuit fails because they did not comply with the policy's

---

under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

requirements. Pursuant to Fed. R. Civ. P. 56(f)(1), the court shall therefore deny defendants' motion at this time without prejudice to their right to renew it, with the policy attached as an exhibit. Accordingly,

IT IS ORDERED that defendants' motion for summary judgment [docket entry 26] is denied.

S/Bernard A. Friedma_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: June 9, 2009
         Detroit, Michigan

I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager